# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON,<br><br>             Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK, et al.,<br><br>             Defendants.<br>_____/ | Case No. 1:24-cv-00286-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**TWENTY-ONE DAY DEADLINE**<br><br><u>Clerk to Assign District Judge</u> |

      Plaintiff Chris Epperson ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this action. (Docs. 1, 6.). The complaint, filed on March 7, 2024, lists as defendants Deutsche Bank, Lyndon B. Johnson, Hary [*sic*] S. Truman, Ronald W. Reagon [*sic*], Richard M. Nixon, and Thomas Jefferson. (Doc. 1 at 1–4.) Plaintiff claims to be suing under the "Wheeler Act of Congress," Amendment XII of the United States Constitution, and "Article II, Section 2, clause 2." (*Id*. at 4.)

      The Court concludes that the complaint fails to state any cognizable claims and recommends dismissing it without leave to amend.

## I.    SCREENING REQUIREMENT

      As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (Doc. 6.) "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id*. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff lists the following defendants: Deutsche Bank, Lyndon B. Johnson, Hary [*sic*] S. Truman, Ronald W. Reagon [*sic*], Richard M. Nixon, and Thomas Jefferson. (Doc. 1 at 1–4.) Plaintiff states that the basis of jurisdiction is the "Wheeler Act of Congress," Amendment XII of the United States Constitution, and "Article II, Section 2, clause 2." (*Id*. at 4.) In the statement of claim, Plaintiff states "Nail in the coffin of the Constitution had been violated by the action of the state legislature where the prohibition is against State laws impairing the obligation of contracts liberalism bicameral unicameral Article II Section 1 Clause 3" (errors in original). (*Id*. at 5.) In the section titled "Relief," Plaintiff writes: "Did Parliament House of Commons national assembly left wing motion of no confidence lower House left seat right wing multi-party system assumption of jurisdiction over common law counterclaims violate the Constitution" (errors in original). (*Id*. at 6.)

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). A federal court cannot properly *sua sponte* dismiss an action commenced in forma pauperis if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33.  However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. at 32–33.  If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

Plaintiff's complaint is frivolous under this legal standard.  Plaintiff does not set forth any facts. He lists as defendants Deutsche Bank and five former Presidents of the United States who are now deceased.  Plaintiff's statement of claim—"Nail in the coffin of the Constitution had been violated by the action of the state legislature where the prohibition is against State laws impairing the obligation of contracts liberalism bicameral unicameral Article II Section 1 Clause 3"—is incoherent and fanciful.  Accordingly, Plaintiff's complaint should be dismissed. *See Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018), *appeal dismissed as frivolous*, No. 19-15011, 2019 WL 7425404 (9th Cir. Aug. 27, 2019) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction"); *Ayres v. Obama*, Civil No. 13–00371 SOM/RLP, 2013 WL 5754953, at *2 (D. Hawai'i Oct. 22, 2013) (allegations that FBI implanted biochips in plaintiff and her family to turn them into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *Bivolarevic v. U.S. CIA*, No. C 09-4620 SBA, 2010 WL 890147, at *1–2 (N.D. Cal. Mar. 8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to

3

skull technology" as a "mind control weapon").

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend. Although this is Plaintiff's first complaint, it is clear from the face of the complaint that it is frivolous.[1]

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and
2. The Clerk of the Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, Clerk of the Court is DIRECTED to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __March 19, 2024__        /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff believes that he can cure this deficiency in an amended complaint, he may file objections to these Findings and Recommendation explaining how he would amend his complaint to state a cognizable claim.